CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LISA MARIE CASEY, | ) | Criminal No. 1:06CR00071-1 |
| Petitioner, | ) | |
| | ) | **2255 MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Petitioner Lisa Marie Casey, a federal inmate proceeding pro se, brings this action as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Casey alleges that her counsel was ineffective in a number of respects, and that her imposed sentence was unlawful. Respondent filed a motion to dismiss and Casey submitted a response. Upon review of the parties' submissions and available record, the court finds that respondent's motion to dismiss must be taken under advisement, pending an evidentiary hearing on one of Casey's ineffective assistance of counsel claims.

I.

On November 13, 2006, Casey was charged in the Western District of Virginia with a 15-count Indictment. On April 10, 2007, she was also charged in a single count Information. That same day, and pursuant to a written plea agreement, Casey pled guilty to Count Fourteen of the Indictment—which charged her with attempted bank fraud, in violation of 18 U.S.C. § 1344, and to Count One of the Information—which charged her with wire fraud in violation of 18 U.S.C. §§ 2, 1343.[1] At the guilty plea hearing, the Honorable Pamela Meade Sargent, United States Magistrate Judge for the Western District of Virginia, conducted a very thorough examination of

---

[1] In exchange for Casey's guilty plea, at sentencing the remaining Counts of the Indictment were dismissed.

1

Casey during the Rule 11 colloquy. Upon finding Casey to be competent and capable of making an informed plea, and that her guilty plea was knowing and voluntary, the court accepted it.

On July 11, 2007, Casey was sentenced by the Honorable Glen M. Williams, United States District Judge for the Western District of Virginia.[2] Before sentencing, the government moved for an upward departure on the grounds that Casey's "criminal history category substantially under-represents the seriousness of her criminal history and the likelihood that she will commit other crimes." (Dkt. No. 46). At the hearing the court granted the government's motion for upward departure "due to the nature and circumstances of the offense and defendant's history and characteristics as it protects the public from further crimes that may be committed," (Statement of Reasons at 2), and sentenced Casey to 96 months incarceration for each of Count One of the Information and Count Fourteen of the Indictment, all terms to run concurrently.[3] Judgment was entered on July 16, 2007 and amended on July 24, 2007 because of a clerical error.

On July 18, 2007, Casey, by counsel, filed timely notice and certificate of appeal to the United States Court of Appeals for the Fourth Circuit.[4] (Dkt. No. 53). Casey claims that the

---

[2] Because neither party requested a sentencing transcript, the court relies on the Sentencing Minutes (Dkt. No. 47) and Statement of Reasons (Dkt. No. 51).

[3] The Presentence Investigation Report ("PSR") found that Casey's total offense level was 11 with a criminal history category of V, yielding a guideline sentencing range of 24 to 30 months. However, the PSR also found that there may be grounds for an upward departure. According to Casey, at sentencing, "the prosecution [had] asked for an upward departure sentence of 37 months (2 level offense level increase to 13, criminal history of V)." (Mem. in Sup. of § 2255 Mot. at 16, Ex. 1 to Dkt. No. 67). The court declined to add the PSR's recommended two offense levels for obstruction of justice, reducing Casey's total offense level to 9. Together with a criminal history category of V, Casey's guideline imprisonment range was 18 to 24 months.

[4] On July 23, 2007, the Court of Appeals appointed the same attorney who had represented Casey through her sentencing as her appellate counsel, effective July 18, 2007. (Dkt. No. 58).

2

next day, the government "sent a letter to defense counsel indicating, 'If the appeal is not withdrawn promptly, the United States may pursue any of the remedies set out in Section 18 of the [plea] agreement." (Mem. in Sup. of § 2255 Mot. at 4). Thereafter, defense counsel filed a motion to voluntarily dismiss the appeal. (Mot. to Dis. at 2-3, Dkt. No. 73). Casey alleges that on July 30, 2007, defense counsel's paralegal sent her a letter "indicating [that] she needed to endorse the Motion to withdraw her appeal." (Mem. in Sup. of § 2255 Mot. at 4). On August 17, 2007, the Fourth Circuit directed that counsel provide Casey's written consent to the dismissal by September 7, 2007. (Mot. to Dis. at 3). Casey then gave this written consent, and the Court of Appeals granted her motion for dismissal on August 20, 2007 pursuant to Federal Rule of Appellate Procedure 42(b). (Dkt. Nos. 62, 63).[5]

On May 19, 2008, Casey submitted her § 2255 Motion, which the court liberally construes under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). As a threshold matter, Casey challenges the validity of her guilty plea.[6] Casey also claims that ineffective assistance of counsel resulted in an excessive sentence and denial of her direct appeal rights. In addition, Casey directly challenges the lawfulness of sentence imposed. The United States moved to

---

[5] The government notes that "[n]either the United States nor defense counsel can locate a copy of the signed Motion to Dismiss Appeal in their files. However, pursuant to Federal Rule of Appellate Procedure 42(b), the Court would not have dismissed the appeal without Casey's personal written consent." (Mot. to Dis. at 3, n.1). Textually, Rule 42(b) does not require the defendant's personal written consent to dismiss a docketed appeal. Rather, the Rule provides that "[t]he circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement." Fed. R. App. P. 42(b) (emphasis added). However, Casey does not deny that she endorsed the Motion to dismiss, but rather disputes the voluntariness of the endorsement. (See Opp. Br. at 1, Dkt. No. 75 ("[T]he prosecutor has failed to present evidence that Casey voluntarily agreed to the dismissal of her appeal, including any statement from defense counsel.")).

[6] Casey contends that she was incompetent at the time of her plea, and therefore that it was not knowing and voluntary. (See Mem. in Sup. of § 2255 Mot. at 12-14; Opp. Br. at 2-4). The court makes no findings as to the validity of the plea and its waivers at this time.

3

dismiss, arguing that all of Casey's claims are validly waived, but also challenging some of her arguments on the merits. Casey then filed a response, stressing that her plea agreement waivers should be deemed invalid.

## II.

Assuming without deciding for purposes of this opinion and order that the plea waivers are valid, Casey nonetheless had the right to a direct appeal. Further, counsel's duties to a client unquestionably extend beyond entry of a guilty plea, and in fact beyond noting an appeal. United States v. Poindexter, 492 F.3d 263, 271 (4th Cir. 2007) ("If a notice of appeal is ultimately filed, an attorney has yet other duties owing to his client.").[7]

The record is ambiguous regarding the events between defense counsel's noting an appeal on July 18, 2007 and the Fourth Circuit's granting of Casey's motion to dismiss the appeal on August 20, 2007. For her part, Casey asserts that "defense counsel filed a timely notice of appeal as she requested, however, he refused to pursue the appeal once [the United States] objected to the appeal." (Mem. in Sup. of § 2255 Mot. at 17). She contends that her counsel "demanded that Casey sign a Motion to Withdraw Appeal," which in turn deprived her of an appeal. (Id.). The government does not respond on the merits to this claim, and no affidavit by defense counsel was filed. On the current record, the court cannot determine whether defense counsel's performance after filing the notice of appeal was objectively

---

[7] For example, the Fourth Circuit explained that "[t]hese duties include examining the trial record and identifying and weighing potential issues for appeal. If the appropriate review reveals a meritorious issue for appeal, the attorney is ethically required to prepare a brief on the merits and argue the appeal. If the appropriate review reveals only frivolous issues, the attorney can file a brief in accordance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)." Poindexter, 492 F.3d at 271 (emphasis added).

4

reasonable.[8] Therefore, the court requires further factual development regarding Casey's claim that counsel was ineffective on appeal.[9]

## III.

For the stated reasons the United States' motion to dismiss (Dkt. No. 73) is **TAKEN UNDER ADVISEMENT** and the clerk **SHALL** set this matter for an evidentiary hearing at the court's earliest convenience, with petitioner to participate via video conferencing if possible. The clerk **SHALL** also arrange with the Federal Public Defender's Office for appointment of counsel to represent the petitioner in this § 2255 action, pursuant to 18 U.S.C. § 3006A(a)(2)(B).

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to petitioner and counsel of record for respondent.

**ENTER:** This 12th day of February, 2009.

/s/ James C. Turk
Senior United States District Judge

---

[8] As a general rule, Strickland v. Washington, 466 U.S. 668 (1984) provides the general framework for assessing a claim for ineffective assistance of counsel. Under Strickland, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," id., at 688, and (2) that counsel's "deficient performance prejudiced the defense," id., at 687. In this case, prejudice does not mean that an appeal would have enjoyed ultimate success. Rather, if counsel's deficient performance led to the complete denial of an appeal proceeding, the court would presume prejudice. See Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000) ("The even more serious denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, similarly demands a presumption of prejudice."); Poindexter, 492 F.3d at 268-69 (holding that "a presumption of prejudice applies when an attorney's deficient performance deprives the defendant of an appeal," and that "[i]n demonstrating prejudice, the defendant is under no obligation 'to demonstrate that his hypothetical appeal might have had merit.'") (citing Flores-Ortega, 528 U.S. 470 at 483, 486).

[9] The court finds no need for further factual development with respect to Casey's other claims.