CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 19 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-00071 |
| v. | § 2255 MEMORANDUM OPINION |
| LISA MARIE CASEY, Petitioner. | By: Hon. James C. Turk Senior United States District Judge |

This matter is before the court upon petitioner's letter, in which petitioner requests the appointment of counsel and alleges the discovery of new facts to challenge her conviction and establish her innocence. After reviewing the letter, the court concludes that it is appropriately filed and dismissed without prejudice as a successive § 2255 motion.

The court entered petitioner's criminal judgment in July 2007. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August 2009. In the instant motion, petitioner argues that she is actually innocent of her convictions and she now knows new facts that question the validity of her conviction. In a prior, related motion, petitioner alleged that eyewitnesses saw a different woman commit the crimes, two different women named Lisa Casey used the bank, and a video recording does not show petitioner using the money order machine.

When a prisoner files a pleading in a closed criminal case challenging her criminal judgment, the pleading must often be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If, like in this case, the pleading raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that pleading is not properly considered as a motion for

reconsideration and should be filed as a separate § 2255 motion instead. Id. To allow prisoners to bring new habeas claims in a subsequent motion would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by a court of appeals. Id. at 531-32. Accordingly, the court construes petitioner's letter as a new § 2255 motion.

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See 28 U.S.C. § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion (no. 67), regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice.[1] Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This __14th__ day of October, 2010.

_James C. Turk_
Senior United States District Judge

---

[1]Petitioner must request leave directly from the Court of Appeals to file a successive § 2255 motion.