CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2011

JULIA C. DUDLEY, CLERK
BY: S. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-00071-1 |
| v. | § 2255 MEMORANDUM OPINION |
| LISA MARIE CASEY,<br>Petitioner. | By: Hon. James C. Turk<br>Senior United States District Judge |

This matter is before the court upon petitioner's letter to the court seeking relief from her criminal judgment. Upon review of the instant motion, the court concludes that it is appropriately filed and dismissed as a successive § 2255 motion.

The court entered petitioner's criminal judgment in July 2007. The court dismissed petitioner's first motion to vacate, pursuant to 28 U.S.C. § 2255, in August 2009. In the instant letter, petitioner argues that new evidence demonstrates her innocence and her educational achievements while incarcerated warrant an earlier release from custody.

When a prisoner files a motion in a closed criminal case challenging her criminal judgment, the motion must often be filed and dismissed as a successive § 2255. Gonzales v. Crosby, 545 U.S. 524, 531 (2005) (citing Calderon v. Thompson, 523 U.S. 538, 553 (1998)). If the motion raises claims allegedly omitted from the initial § 2255 motion, presents new evidence in support of a claim already denied, or argues for relief under subsequent changes in the substantive law, that motion is not properly considered as a motion for reconsideration and should be filed as a separate § 2255 motion instead. Id. To allow prisoners to bring new habeas claims in subsequent motions would circumvent the requirement under § 2255(h) that any subsequent habeas claims first be certified by a court of appeals. Id. at 531-32. Therefore, the court construes petitioner's letter as a § 2255 motion challenging her conviction.

A district court may consider a second or successive § 2255 motion only upon specific certification from the Fourth Circuit Court of Appeals that the claims in the motion meet certain criteria. See § 2255(h). Court records indicate that petitioner has previously filed a § 2255 motion that the court already denied for the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one under § 2255(h). As petitioner has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, the court must dismiss the action without prejudice. Based upon the court's finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and to counsel of record for the United States.

ENTER: This 7th day of February, 2011.

/s/ James C. Turk
Senior United States District Judge