# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 1:06CR00071 |
| v. | ) | **OPINION AND ORDER** |
| **LISA MARIE CASEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Lisa Marie Casey, Pro Se.*

On October 29, 2018, the defendant was sentenced to a term of 24 months imprisonment after revocation of her supervised release. She has now filed a pro se submission to the court, entitled by her as "Motion for Relief for PREA violations 3621(e)." The defendant was originally sentenced on July 11, 2007, to 96 months incarceration, to be followed by five years supervised release. She began her supervision on July 19, 2013. The order directing the issuance of a summons to appear on the petition for revocation of her supervised release was entered on June 6, 2018, and the summons was served on her on June 11, 2018.

"PREA" stands for the Prison Rape Elimination Act, 34 U.S.C. §§ 30301-30309. "3621(e)" refers to the authority granted to the Bureau of Prisons in 18 U.S.C. § 3621(e) to afford substance abuse treatment to inmates and its discretion to reduce imprisonment by up to one year for successful completion of such a

program.[1]  In her motion, the defendant claims that her present sentence is improper because she should have been released from supervision in 2017, before the violations leading to her latest revocation.  She has attached a copy of a February 14, 2013, letter to her from an official with the BOP relating to her allegations that staff at the Ashville, North Carolina, Salvation Army Re-entry Center ("RRC") had sexually harassed her and that she had been improperly removed from the RRC when she reported the conduct.  The letter advised her that it had been determined after investigation that she should be returned to the RRC to participate in RDAP and that if she successfully completed the program, she would be released early from the her sentence.  She claims that she did successfully complete RDAP, but that "[t]he Warden failed to file the paperwork."  Mot. 1, ECF No. 192.

The defendant's allegation is not a proper ground for attacking the validity of her present sentence.  If she believes that the BOP improperly calculated her original sentence, she may file a petition pursuant to 28 U.S.C. § 2241 in the federal court of the district in which she is confined, after first exhausting her administrative remedies with the BOP.

It is **ORDERED** that the defendant's motion, ECF No. 192, is DENIED.

            ENTER:   March 13, 2019

            /s/ *James P. Jones*
            United States District Judge

---

[1] The program is referred to as the Residential Drug Abuse Program, or "RDAP."