# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00071 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| LISA MARIE CASEY, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Lisa Marie Casey, Pro Se Defendant.*

Defendant Lisa Marie Casey, a federal inmate proceeding pro se, has filed a motion to reduce sentence pursuant to § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which amended 18 U.S.C. § 3582(c) to expand the circumstances under which inmates may receive compassionate release. For the following reasons, I find the defendant ineligible for relief, and I will deny the motion.

The defendant pleaded guilty in this court to one count of attempted bank fraud and one count of wire fraud. On July 11, 2007, the defendant was sentenced to a term of 96 months incarceration, to be followed by five years of supervised release. She served this sentence and began her term of supervision on July 19, 2013. On October 29, 2018, the defendant was found to have violated the

conditions of her supervised release, and she was sentenced to a term of 24 months imprisonment, which she is currently serving.[1] The defendant has filed a motion requesting that the court reduce this sentence or grant compassionate release.

Prior to the 2018 FSA, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. However, the 2018 FSA amended § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1) permits a sentencing court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1). The U.S. Sentencing Guidelines Manual ("USSG") provides that extraordinary and compelling reasons exist, in relevant part, if the defendant is suffering from a serious physical or medical condition, a serious functional or cognitive

---

[1] According to the Bureau of Prisons' website, her current projected release date is August 23, 2020. The court did not impose any further supervised release.

impairment, or deteriorating physical or mental health because of the aging process, that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, cmt. n.1.

In her motion, the defendant states that she is suffering from multiple sclerosis, neuropathy, and diverticulitis. She alleges that she is being denied medical care at Federal Prison Camp Alderson ("Alderson"), where she is incarcerated, and she seeks compassionate release so that she can get additional medical care. In particular, she asserts that Alderson has taken her off the medications she was taking before her incarceration and will not send her to a specialist. As a result, she cannot function properly, has limited mobility, and must use a walker. She alleges that the prison elevators do not operate, and she cannot climb stairs. She also alleges that her condition is worsening and will further deteriorate without additional medical care. However, the defendant also states that she was x-rayed at Alderson, and the medical records attached to her motion show that the X ray was normal.

Assuming that the defendant has met § 3582(c)(1)'s exhaustion requirement, she has not shown extraordinary and compelling circumstances that warrant a sentence reduction. Although I regret that she suffers from a number of medical conditions, I find that she has not alleged facts showing that they are sufficiently

serious to warrant a reduction. Likewise, although she states that she is experiencing functional impairments, I find that these allegations are vague and they do not constitute extraordinary and compelling circumstances that would warrant a reduced sentence. In addition, the defendant's allegation that her condition will deteriorate is also vague, and I note that she has received some medical care while incarcerated.

Accordingly, it is hereby **ORDERED** that the Motion to Reduce Sentence, ECF No. 194, is DENIED.

ENTER: May 6, 2019

/s/ *James P. Jones*
United States District Judge