# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 1:06CR00071 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **LISA MARIE CASEY,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Lisa Marie Casey, Pro Se Defendant.*

Defendant Lisa Marie Casey, a federal inmate proceeding pro se, has filed a "Motion for Relief and Expedited Decision," arguing that the court lacked jurisdiction to impose the sentence she is currently serving for violating the conditions of her supervised release.

On July 11, 2007, Casey was sentenced to a term of 96 months incarceration, to be followed by five years of supervised release, after pleading guilty to one count of attempted bank fraud. She served this sentence and began her term of supervision on July 19, 2013. On June 6, 2018, the court directed the issuance of a summons to appear on a petition for revocation of Casey's supervised release. The summons was served on Casey on June 11, 2018. On October 29, 2018, she was found to have violated the conditions of her supervised release, and

she was sentenced to a term of 24 months imprisonment, which she is currently serving.[1]

Casey argues that the court lacked jurisdiction to revoke her supervised release and impose the current sentence because the revocation occurred after her term of supervision expired. In support of this argument, she cites *United States v. Mont*, 723 F. App'x 325 (6th Cir. 2018) (unpublished), and *United States v. Marsh*, 829 F.3d 705 (D.C. Cir. 2016).

However,

> [t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i); *accord United States v. Barton*, 26 F.3d 490, 491 (4th Cir. 1994).

Here, the alleged violations of Casey's terms of supervision arose before her supervision's expiration, and the court also issued the summons on the basis of these violations before its expiration. Accordingly, the court's power to revoke her supervised release was extended for a period reasonably necessary for the adjudication of the alleged violations. I find that the extension of the court's power

---

[1] According to the Bureau of Prisons' website, her current projected release date is August 23, 2020. The court did not impose any further supervised release.

for approximately three months was reasonable in light of the fact that Casey herself moved to continue the supervised release revocation hearing, initially set for July 30, 2018. Moreover, the cases that Casey relies upon are inapplicable here, as they concern whether certain periods of incarceration toll the running of a period of supervised release and thereby delay its expiration.

Accordingly, it is hereby **ORDERED** that the Motion for Relief and Expedited Decision, ECF No. 199, is DENIED.

ENTER: May 28, 2019

/s/ *James P. Jones*
United States District Judge