# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00071 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LISA MARIE CASEY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Justin Lugar, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy C. Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant, a federal inmate previously sentenced by this court, has filed a motion seeking compassionate release from her sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."

The defendant pleaded guilty to one count of attempted bank fraud and one count of wire fraud. On July 16, 2007, she was sentenced to a term of 96 months incarceration, to be followed by five years of supervised release. She served this sentence and began her term of supervision on July 19, 2013. On October 29, 2018, the defendant was found to have violated the conditions of her supervised release, and she was sentenced to a term of 24 months imprisonment, which she is currently serving. *See United States v. Casey*, 770 F. App'x 654, 655 (4th Cir. 2019) (unpublished) (affirming sentence).

This is the third compassionate release motion filed by the defendant.[1] The court denied her two earlier pro se motions. In the first she alleged that she was not being adequately treated in the Bureau of Prisons for her multiple sclerosis, neuropathy, and diverticulitis. *United States v. Casey*, No. 1:06CR00071, 2019 WL 1987311 (W.D. Va. May 6, 2019). In the second she added blood clotting disorder, Hep C, neoplasm, and lesions. Op. & Order, Dec. 17, 2019, ECF No. 236, (denying motion). After the advent of the Covid-19 pandemic, she filed the present motion, pro se.[2] The United States Attorney responded, and the Federal Public Defender

---

[1] Casey actual has filed three separate pro se versions of her current request, which I will treat as one.

[2] Casey is a frequent pro se litigator. During her original period of incarceration, she filed five separate motions under 28 U.S.C. § 2255 in this court attacking her convictions, as well as a motion under 28 U.S.C. § 2241 in the Southern District of West Virginia. *See Casey v. Batts*, No. 1:11-0066, 2011 WL 8006717, at *2 (Aug. 8, 2011), *R. & R. adopted*, 2012 WL 2130950 (S.D.W. Va. June 12, 2012), *appeal dismissed,* No. 12-

then entered an appearance for the defendant and filed a reply.  The motion is thus ripe for decision.

The defendant is now 45 years old.  She has had a troubled life, characterized by her constant mendacity.  In 1997, when she was 23, she was charged in Maryland with 39 counts of forgery and 40 counts of theft, all of which were dismissed for a suspended sentence on one count.  In 2002, when she was 27, she was convicted of perjury based on testimony as a witness in this court.  Her underlying sentence imposed by this court in 2007 when she was 32 years old, resulted after she had stolen money orders and attempted to use them, stolen checks and tried to use them, sought in a series of intercepted letters to persuade her husband to take the blame, and pretended to be pregnant in order to lessen her sentence.  She has been divorced five times, although it appears that she may have forged the last divorce papers herself.  Presentenced Investigation  Report ¶ 50, ECF No. 233. She has a history of illicit drug use and has been diagnosed with mental health issues, including PTSD and borderline personality disorder.

---

7052 (4th Cir. Aug. 20, 2012).  She has filed two pro se motions in this court attacking her supervised release revocation, one of which was denied, *United States v. Casey,* No. 1:06CR00071, 2019 WL 5408607 (W.D. Va. May 28, 2019), *aff'd*, 783 F. App'x 298 (4th Cir. 2019) (unpublished), and one of which is still pending.  She presently has a pro se civil action in the Southern District of West Virginia seeking money damages against a jail official, *Casey v. Francis*, Civil Action No. 5:19-cv-00839 (S.D.W. Va.), as well as a pro se § 2241 action attacking her supervised release violation sentence, *Casey v. Reherman*, No. 1:19-cv-00244 (S.D.W. Va.).

Casey is presently confined at FCI Aliceville, located in Alabama. She has a projected half-way house placement beginning September 2, 2020, and a projected release date of October 2, 2020.

As the government points out in its response, Casey makes extraordinary allegations as to her claimed disabilities, namely that

> I am confined to a wheelchair 24 hours a day 7 days a week, I require assistance to be able to do ANY daily living activities, that include but NOT LIMITED TO: Toileting, showering, cleaning my room (I have already received an incident report for being unsanitary and sanctioned because of this), somedays eating, preparing food, I cant wheel myself across compound, at all in any way, and much more), in which I am denied an Inmate companion, Medical per response back to me via email states that they don't have trained inmate companions here at this facility, and those are for medical centers in which my medical visit yesterday with Mr. Williamson stated I should not even be here at this facility, and spoke with Dr. Li as well.

Mot. 2, ECF No. 245. This is even though she also claims that she is needed at home to care for her son. *Id.* at 1 ("My husband needs me to help with [L.].")

The Bureau of Prisons medical records belie her allegations. They show that she has not been diagnosed with multiple sclerosis, nor a potentially cancerous neoplasm. X-rays studies of her spine are normal. Gov't' Resp. Ex 1, ECF No. 248-1, at 1, 2, 3. While she had been allowed to use a walker, her malingering has been observed by prison authorities. "Inmate was observed Monday 8/5/19 walking without limp, pushing wheely walker with one hand in front of commissary. As

medical van approached, Inmate began walking with limp and using two hands on walker." *Id.* at 4.

I am convinced that Casey is merely continuing her life-long pattern of behavior. There is no evidence that she is entitled to relief under § 3582(c)(1)(A).

It is **ORDERED** that the defendant's motions, ECF Nos. 245, 250, and 251, are DENIED.

ENTER: June 2, 2020

/s/ JAMES P. JONES
United States District Judge