# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:06CR00071 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **LISA MARIE CASEY,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Kathleen Carnell, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Lisa Marie Casey, Defendant Pro Se.*

The defendant, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

Casey pled guilty to one count of attempted bank fraud and one count of wire fraud. On July 11, 2007, she was sentenced to a term of 96 months incarceration, to be followed by five years of supervised release. She served this sentence and began her term of supervision on July 19, 2013. On October 29, 2018, the defendant was found to have violated the conditions of her supervised release, and she was sentenced to a term of 24 months imprisonment, which she is currently serving. *See United States v. Casey,* 770 F. App'x 654, 655 (4th Cir.

2019) (unpublished) (affirming sentence). Casey has a projected release date of October 2, 2020.

In her § 2255 motion, the defendant contends in Ground One that her probation officer submitted inauthentic documents in support of her supervised release revocation, violating her Fifth Amendment right to due process. She further contends in Ground Two that her counsel at the supervised release revocation hearing was ineffective in (1) failing to subpoena expert witnesses who would have offered testimony favorable to her; (2) not making her physical disability known to the court; (3) not ensuring that her son could be present at the hearing; (4) failing to contest the calculation of criminal history points; and (5) failing to argue that Casey would not have pled guilty to violation number four if she had understood it. Next, she contends in Ground Three that her counsel lost interest in her case because she paid him only $1,000 of his $5,000 fee, and that he therefore failed to interview relevant witnesses and did not argue that her term of supervision had already ended. She also claims that he was operating under a conflict of interest because he had previously served as a Special Assistant United States Attorney.

In her response to the government's motion to dismiss, Casey asserts several additional claims. She contends that she was under the influence of narcotics at the time of her supervised release revocation hearing which rendered her incompetent

to make rational decisions, and that her counsel was aware of her intoxication but failed to bring it to the court's attention. She claims that her counsel allowed the court to consider "personal, materially untrue assumptions or/and misinformation, further allowing [her] to be sentenced under those personal bias[ed] beliefs." Def.'s Resp. to Mot. to Dismiss 3, ECF No. 242. She also contends that her counsel failed to advocate for her as a person with disabilities, which she claims violated the Americans with Disabilities Act and "severely hindered [her] health classification, medical care in the federal Bureau of Prisons." *Id.*

To state a viable claim for relief under § 2255, a defendant must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective

assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687. To satisfy the prejudice prong of *Strickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694.

Supervised release revocation proceedings are distinct from criminal prosecutions. *United States v. Riley*, 920 F.3d 200, 205 (4th Cir. 2019). A "supervised release revocation hearing is a less formal proceeding" than a criminal proceeding, and the rights available in a criminal proceeding are "not co-extensive" with the rights applicable in a supervised release revocation hearing. *United States v. Ward*, 770 F.3d 1090, 1097 (4th Cir. 2014). For a supervised release hearing, due process requires "that a defendant charged with violating a condition of supervised release be afforded notice of the charges against [her] . . . sufficient to allow the releasee to prepare to defend against the charges." *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004) (internal citations omitted).

While in a criminal trial the burden of proof is beyond a reasonable doubt, here the government only had to prove its case by a preponderance of the evidence. In order to meet that standard, the government was only required to prove that "the existence of a fact" was "more probable than its nonexistence." *United States v. Padgett*, 788 F.3d 370, 374 (4th Cir. 2015) (citation omitted).

At her supervised release revocation hearing, Casey's counsel introduced medical records and discussed recent tests showing that Casey had a hemangioma and a history of cancer. He requested a continuance to allow him to obtain expert testimony regarding these health concerns. I declined to grant a continuance, however, as the matter had already been continued several times, and I suspected that Casey was seeking to further delay the proceeding for improper purposes. Hr'g Tr. 2-6, ECF No. 188. I later stated that I accepted her doctor's report that there was a concern requiring additional testing, but I still declined to continue the matter because I felt it had been pending long enough and needed to be resolved. *Id.* at 26. I noted that if necessary, Casey could receive treatment while incarcerated.

Casey did not contest any of the four violations alleged in the supervised release violation report. Those violations consisted of:

1. Testing positive for methamphetamine on February 14, 2017;

2. Testing positive for Oxycodone on July 26, 2017, which she admitted to purchasing without a prescription;

3. Being arrested for and convicted of giving conflicting testimony to a state magistrate in Clintwood, Virginia, on October 4, 2018; and

4. Being removed from the Abingdon Federal Court Re-Entry Program due to repeated dishonesty and failing to refrain from use of narcotic medication.

In fact, in a letter she sent to the court dated December 28, 2019, well into serving her sentence, Casey wrote, "Unquestionably, I do admit fault in violating my probation while I relapsed on drugs. Additionally, I did not tell the truth to a magistrate about being on Federal probation." Letter 2, ECF No. 239.

At the hearing, Casey's counsel elicited testimony from her federal probation officer about her young son's special needs and her concern that he would have to be placed in foster care if she were incarcerated. The probation officer also testified that while Casey had admitted to using opiates on at least two occasions while on supervision, she had not tested positive for illicit drugs for a period of 14 or 15 months prior to the hearing, despite undergoing regular drug screens. The probation officer confirmed that he understood Casey had been raised in an abusive environment and had a difficult upbringing.

On cross-examination, the probation officer testified that around April 2015, Casey attempted to stall the officer's efforts to conduct a drug test, and he learned that she had not informed him of a recent contact with law enforcement.  He also discovered that she had been screened by the Dickenson County, Virginia, Department of Social Services and tested positive for use of illicit drugs.  The probation officer testified that Casey had lied to him on numerous occasions while under supervision.

Casey's counsel asked for mercy on her behalf.  Casey gave a coherent allocution in which she said she took full responsibility for her behavior.  She did not argue with any of the facts presented at the hearing, and she did not contest the veracity of any documents that had been submitted to the court.  She made no mention of her disabilities or medical conditions, nor did she indicate any dissatisfaction with her attorney's performance.  I sentenced Casey to 24 months imprisonment, which was within her advisory guidelines range of 18 to 24 months, and imposed no further supervision.

I find that Ground One of Casey's § 2255 motion regarding the submission of inauthentic documents is too vague to warrant any relief or further investigation. Grounds Two and Three of Casey's 2255 motion assert various claims of ineffective assistance of counsel.  Her claims regarding the calculation of criminal

history points and her admission to violation number four are also too vague to warrant relief or further investigation.

Regarding the alleged failure to subpoena witnesses, I have reviewed Casey's recitation of what the proposed witnesses would have said, and I conclude that their testimony, if as stated, would have made no difference in my calculation of her sentence. A district court has broad latitude in determining a sentence after revoking supervised release. *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Casey's 24-month sentence was within the guidelines range, and she has not shown that, but for errors made by her counsel, I would have sentenced her to a shorter term of imprisonment. I therefore find that she has not proven prejudice as required by *Strickland*.

I similarly find that she has not established prejudice based on her counsel's alleged failure to make her disabilities known to the court and to ensure her son's presence. Neither of these factors would have influenced my determination of her sentence. Moreover, Casey had an opportunity to raise these issues when she addressed the court in allocution, but she did not do so.

Casey's claim that her counsel was operating under an unprofessional conflict of interest due to her nonpayment and his previous service as a Special Assistant United States Attorney lacks merit and does not justify any modification

of her sentence.  As to this claim, Casey has not met her burden of establishing either deficient performance or prejudice as required by *Strickland*.

I do not find Casey's claim of intoxication at the revocation hearing to be credible.  Despite her history of drug abuse, I observed her behavior and listened to her allocution, and she appeared to be coherent and acting normally.  Casey also admitted to her violations at other times, including in a letter to the court that she wrote while incarcerated and after filing her § 2255 motion.  Regardless of whether she had contested the alleged violations at the hearing, I would have concluded based on the evidence presented that the United States had proved the violations by a preponderance of the evidence.  Casey's claim that her counsel allowed me to consider false information and that I sentenced her based on personal bias is vague and conclusory and warrants no further discussion.

Casey also contends her counsel failed to advocate for her as a person with disabilities, which she claims violated the Americans with Disabilities Act and severely hindered her health classification and medical care in the federal Bureau of Prisons.  This claim does not allege a constitutional violation or any other cognizable ground for relief under § 2255.  Additionally, as noted above, Casey made no mention of her disabilities or health problems during her allocution.  I considered one potential health problem and noted that the Bureau of Prisons could provide adequate medical treatment if necessary.  Even if this claim were

construed as a proper claim of ineffective assistance of counsel, Casey has not met her burden of proving prejudice as required by *Strickland*.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: July 20, 2020

/s/ JAMES P. JONES
United States District Judge